**MORRIS, Plaintiff-Appellant, v GEORGE C. BANNING, INC., ETC., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4060. Decided November 12th, 1947.

Harry Kohn, Columbus, for plaintiff-appellant.
David H. Thomas, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Franklin County, Ohio, in which the plaintiff was denied a decree for a specific performance of a land contract.

By agreement of counsel this case was submitted on the transcript of evidence taken in the lower court. The evidence

shows that on April 30, 1941, the defendant entered into a contract with one Lewis Ransom whereby the defendant agreed to sell to Lewis Ransom, his heirs and assigns, a certain piece of real estate located in the City of Columbus, Ohio, and the said Lewis Ransom, for himself, his heirs and assigns agreed to pay therefor the sum of Three Hundred and Sixty-five ($365.00) Dollars at the rate of Fifteen ($15.00) Dollars per month, beginning May 1, 1941, until said principal sum with interest at seven (7%) per centum per annum was fully paid; semi-annual adjustments of principal and interest were agreed to and a new principal was to be stated for the ensuing six months. The purchaser agreed to pay all taxes and assessments which may become payable after the date of the contract. The contract further provided that upon the failure of the purchaser "to pay the purchase money, or any part thereof, or within thirty days thereafter, or the interest and taxes, as above mentioned, then this agreement to be void" at the option of the seller. Upon full payment being made, the defendant agreed to execute a deed to the purchaser, his heirs and assigns.

The record shows that the purchaser made irregular payments on said contract up to February 21, 1945, in the total amount of Three Hundred and Sixty-five ($365.00) Dollars. The purchaser failed to pay the interest due under the contract and the taxes on said property. A forfeiture of the contract was declared by the defendant shortly before this suit was filed, the filing date of the petition being October 1, 1946. The evidence further shows that on February 20, 1945, the plaintiff paid to the purchaser, Lewis Ransom, the sum of Eleven Hundred ($1100.00) Dollars, and at that time Lewis Ransom signed a written document which the plaintiff now claims was an assignment of the interest of Lewis Ransom in the land contract. Under this document, the plaintiff claims the right to specific performance as assignee of Lewis Ransom. The document is as follows:

"Feb. 20, 1945
Columbus, Ohio

"Received of Frank Morris, $1100.00 (Eleven Hundred Dollars), for four-room brick house at 770 Bassett Street, Columbus, Ohio. (In full as is). House will be free of mortgage only I Lewis Ransom will transfer deeds to Frank Morris.

Paid.

E. L. Ransom

Frank Morris
Witnessed by—Rowena Ransom"

Now does this document constitute a valid assignment? We think it does. It is a well recognized principle of law that no particular form is required in order to constitute an assignment. 3 O. Jur., p. 266. The essential elements of an assignment must clearly appear in the document, however crude it may be in expressing the purpose and intention of the parties to the transaction. We are of the opinion that this instrument meets all the requirements necessary to constitute an equitable assignment, although it may be that it would not be recognized as such by a court of law. In 6 C. J. S. 1101, it is stated that no particular form is necessary to constitute an equitable assignment and any words or transactions which show an intention on one side to assign and an intention on the other to receive, if there is a valuable consideration, would operate as an effective equitable assignment. Surely the transaction in this case showed an intention to transfer all the right and interest of E. L. Ransom to the brick house located at 770 Bassett Street to Frank Morris for the sum of $1100.00. The instrument offered in evidence known as Plaintiff's Exhibit 5 specifically provides that the payment of $1100.00 is in full consideration for the real estate herein involved. If the purchase price of a piece of property is paid in full, the seller no longer retains any interest in it, and all the seller's interest passes to the purchaser. Lewis Ransom had no deed to this property but he did have a land contract which was turned over to this plaintiff and was offered in evidence as Plaintiff's Exhibit No. 1. Having transferred all his interest in this property to the plaintiff it would follow that the land contract was included and was intended to be conveyed. It must be remembered that the parties to this instrument were not lawyers but ordinary laymen and they were not qualified to draw up this instrument in compliance with legal technicalities. A study of this instrument and the conduct of these parties warrants the conclusion that the same constitutes an equitable assignment.

It will be noted that the land contract provided that the sale of the property was to Ransom **or his assigns.** (Emphasis ours.) It is a cardinal rule and maxim of equity that "A court will regard that as done which should have been done." In accordance therewith a chancellor will enforce the equitable rights of the parties in mitigation of the rigors of the law.

It has been urged that since the receipt for $1100.00 contains the following statement, "I Lewis Ransom will transfer deeds to Frank Morris," that something remained to be

done in the future and that an assignment can operate only in praesenti. As stated previously, we think that the instrument clearly indicates that Lewis Ransom received the full value for his property at the date of the signing of the instrument and that there was nothing further to be done by him to complete this transaction. He had parted with all his interest in the property and had been fully compensated for it.

Before determining whether or not the plaintiff is entitled to the relief prayed for it must be determined whether or not this plaintiff or his assignee had forfeited their rights under the terms of the contract. The contract provided that the rights of the purchaser may be forfeited by the nonpayment of interest and taxes. The vendor declared a forfeiture. Equity looks with disfavor upon forfeiture and if the plaintiff in this case has made a sufficient tender to discharge the forfeiture, the failure of the plaintiff or his assignee to pay the interest and taxes prior to the institution of the action will not deprive him of his remedy. On June 2, 1947, six days after this cause was tried in the Court below, the plaintiff deposited with the Clerk of Courts the sum of $98.53 subject to the order of the Court to be paid to the defendant as delinquent interest due under the contract to July 1, 1947. The taxes due amounted to $129.07. These taxes are a lien on the property and should specific performance be granted the purchaser would be obliged to discharge the lien. Under such circumstances, it was not necessary for the plaintiff to tender the amount of the taxes in addition to the interest in order to discharge the forfeiture. See 37 O. Jur., p. 60, §44; 49 Amer. Jur., pages 169, 170.

We find that the Green Hill Stock Company, one of the defendants, failed to offer any proof to sustain its allegation in the pleadings that it took title to said property by deed of conveyance from the defendant George C. Banning, Inc., and its claim therefore must fail for lack of proof.

For the foregoing reasons we find that the plaintiff is entitled to the relief prayed for and the cross-petition is dismissed.

HORNBECK, J., concurs; WISEMAN, PJ, dissents.

WISEMAN, PJ, dissenting:

Plaintiff's right to specific performance hinges on the interpretation of the document offered in evidence as Plaintiff's Exhibit No. 5. Does this document constitute a valid assignment of the contract of sale existing between Lewis Ransom

and the defendant company? I do not think so. While due recognition must be given to the principle of law that no particular form is required in order to constitute a valid assignment, nevertheless, the essential elements of an assignment must clearly appear, from which the Court may reasonably deduce the intention of the parties to make an assignment.

A greater degree of certainty is required in an action in equity for specific performance of a contract, than in an action at law for damages. 37 O. Jur. 33. A court of equity will not decree specific performance unless the right to such remedy clearly appears. 37 O. Jur., pp. 28, 29.

The document must be interpreted and the intention of the parties determined by the facts and circumstances surrounding the transaction. At the time the plaintiff paid $1100.00 to Ransom, he, Ransom, was in need of money to make defense to a criminal charge then pending against him. Shortly thereafter Ransom was convicted and sentenced to imprisonment in the Ohio Penitentiary. The plaintiff was a brother-in-law of Ransom, and both lived in the house in question. Ransom was in arrears for monthly payments under the contract, and at the time the money was paid by the plaintiff, Ransom stated he would pay the balance due; this, he failed to do.

Coming now to a consideration of the document itself, the first part is nothing more than a receipt for money paid. True, the document states the $1100.00 is paid "for four-room brick house at 770 Bassett Street, Columbus, Ohio." This language falls short of constituting an assignment, in law or equity, of the contract of sale existing between Ransom and the defendant company on which the plaintiff is entitled to a decree for specific performance. Conceding that the plaintiff has a right of action against Ransom, such right cannot form the basis for an equitable remedy which he seeks to invoke against the defendant company.

The second part of the document states: "I, Lewis Ransom, will transfer deeds, to Frank Morris." It is evident that Ransom intended to pay the balance due, obtain title from the defendant company, and at some future date transfer title by deed to Morris. Again this language does not show an intention to assign the contract of sale. Furthermore, whatever the intention of the parties may have been as shown by the document and other evidence, it is evident that the promise made by Ransom was in future and not in praesenti A contract to assign a right in the future is not a valid assign-

ment. A valid assignment contemplates no further action on the part of the assignor to complete the right of the assignee. A contract to assign involves a promise to do some further act in order to perfect the right of the assignee. Restatement of Law of Contracts, Section 166, page 209. A court of equity is without authority to supply by construction a necessary element in the instrument which the parties thereto fail to include. It does not clearly appear that the parties intended to or did effect a valid assignment. Plaintiff is not entitled to specific performance.