**DEPENDABILT HOMES, INC., Plaintiff-Appellee, v. WHITE et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4612.  Decided October 25, 1951.

Jack M. Parrish, Columbus, for plaintiff-appellee.
Carlisle O. Dollings, Columbus, for defendants-appellants.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Common Pleas Court decreeing the cancellation of a land contract between the parties wherein the plaintiff was the seller and the defendants the buyers.

At the time of the filing of the petition, the defendants were in arrears in the payment of three installments of $46.00 each which they were required to pay monthly on the purchase price. The contract provided among other things that, .

"On default in the payment of one of the above installments of the purchase money for a period of thirty (30) days after it becomes due, first party reserves the right to declare this contract null and void without notice thereof to second party, their heirs and assigns, and without demand of payment on them, and in such event, first party may re-enter and repossess the above described premises and be seized thereof as of his first and former estate, and all payments made hereunder by second party, shall be retained by first party as rent for said premises and as liquidated damages for the breach of this contract. * * *"

It further appeared that in December, 1949, plaintiff had filed a similar action to cancel said contract for default in monthly installments due, which action was voluntarily dismissed after default payments made. The alleged breach of the contract was the basis of plaintiff's prayer for rescission thereof. The defendants answered admitting the default pleaded and setting up certain equities claimed to have arisen because of the payments made by defendants under the contract from the date of its execution, April 29, 1946, until the time of the filing of the petition.

The total paid by defendants on the purchase price was $3096.00, including a down payment of $750.00. The property was of the fair market value of $6000.00 to $7000.00. Defendants had made extensive and substantial improvements to the real estate amounting to at least $800.00 and had paid taxes for the years 1946 and 1947 and 1948.

Upon hearing, the trial judge wrote an opinion in which he held there was a clear breach of the contract, that the damages were liquidated and not a penalty and plaintiff was entitled to the relief sought.

After answer day, and before the cause came on for hearing, defendants, by counsel, offered to pay to plaintiff all payments due under the contract with interest, all delinquent taxes, all court costs and $25.00 attorney's fees for plaintiff. This offer was not followed by any specific tender, but was refused, without qualification, by the plaintiff. Thereafter, and before the cause was submitted on its merits, defendants repeated the foregoing offer, which was refused, and later tendered to the Clerk of Courts the sum of $3500.00, same being sufficient money to pay off the land contract, interest and court costs. This tender was made on March 19, 1951. The case was tried on its merits on February 5, 1951. The written decision together with findings of fact and conclusions of law was entered on March 9, 1951. Thereafter, on March 19, 1951, defendants moved to reconsider the decision and at that time

deposited with the Clerk of Common Pleas Court the sum of $3500.00 in cash, a sum more than sufficient to pay the entire purchase price including default payments due to the plaintiff under the land contract together with interest, taxes and court costs as of that date. This tender was refused by the plaintiff. Thereafter, on the 29th of March, 1951, the trial judge overruled the motion for reconsideration, entered a judgment on the decision of March 9, 1951, ordered cancellation of the land contract, awarded immediate possession of the premises to the plaintiff and taxed the costs against the defendants. The tender of $3500.00 is still on deposit with the Clerk of the Common Pleas Court and plaintiff still refuses to accept the same.

An appeal bond was fixed and given and the cause proceeds in this Court upon questions of law and fact.

It would serve no good purpose to discuss at length the law controlling the adjudication of this appeal in this Court. Suffice to say, that we hear and determine the case de novo weighing the evidence and resolving it as upon original hearing. The suit is in equity and is controlled by the broad basic principles of equity. Although it is said that equity follows the law there is always reposed in the Court a discretion as to the granting of the remedy sought. Upon the whole aspect of the case, is the relief sought equitable, balancing the equities? Do they prevail in favor of the party who seeks the relief?

The contract sued upon carries this language:

"Further, when said premises are fully paid for, together with interest, taxes and assessments named in this agreement, first party agrees to make, execute and deliver unto second party, their heirs or assigns, on surrender of their duplicate contract, a Warranty Deed for the real estate aforesaid, * * *."

Without respect to the default of the defendants, before any judgment by reason of said default was entered the defendants offered, by tendering the full balance due, to abide by the terms of the contract heretofore quoted. Had plaintiff accepted this sum it would not again have been inconvenienced or embarrassed by the failure of the defendants to pay their monthly installments.

From the time that the contract was made in 1946 until the petition was filed in 1951, a period of five years, there is no showing that the defendants habitually or extensively violated the terms of the contract. When then, they were ready, able and willing to pay the purchase price and all incidents thereto required by them to be paid under the contract, it appears to this Court as being inequitable to order the cancellation of

the contract in its entirety and to take from the defendants the equity which has accrued to them in the real estate to an amount approximating at least one-half of its market value.

This Court in the case of **Morris v. Banning, Inc., 49 Abs 534,** decree specific performance of a contract on behalf of a vendee after his breach of the contract and declaration of forfeiture by the vendor, upon tender by the vendee of the amount due on the contract six days after the trial of the cause.

In **State, ex rel. Apple v. Pence, 137 Oh St 569,** the Court held:

"In exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines to issue a peremptory writ."

The Court did not speak here until the judgment was entered. There is analogy between the writ of mandamus and the decree sought here. The discretionary power of a court in awarding an equitable remedy is broad.

The rule which should be followed in this case is found in the second syllabus of the **Norpac Realty Co. v. Shackne, 107 Oh St 425:**

"Where the seller and purchaser under a land contract have agreed that upon failure of the latter to pay installments of the purchase price the contract should be forfeited and payments made retained by the seller as stipulated damages, **and the purchaser is unable or unwilling to pay the remaining installments as agreed,** the vendor is entitled, **subject to the foregoing qualification,** to bring an action quieting his title and rescinding the contract, without tendering back the payments made." (Emphasis ours.)

The qualification which would preclude the rescinding of the contract is found in this case.

We enter the judgment in this Court upon the principle that upon all the facts appearing it would be inequitable and unjustified to accord to the plaintiff the relief sought. We do not make any affirmative order in behalf of defendants because there is no pleading which would support it.

The relief sought will be denied and the petition dismissed.

HORNBECK, PJ, WISEMAN and MILLER, JJ., concur.