MIAMI INVESTMENT CORP., APPELLEE, *v.* BAKER ET AL., APPELLANTS.
(Two cases.)

(Nos. 2495 and 2504—Decided February 13, 1959.)

*Messrs. Sharts, Singer & Brown,* for appellee.
*Mr. Emanuel Nadlin,* for appellant.

WISEMAN, P. J. Appellants have appealed on questions of law in both cases, which are considered as companion cases inasmuch as the issues are related. It is neither proper nor necessary that the cases be consolidated. Motion by appellants for consolidation is overruled.

In both cases, the Miami Investment Corporation is plaintiff-appellee, and Margaret Louise Baker and LeRoy Baker are defendant-appellants, hereinafter referred to as plaintiff and defendants, respectively.

The plaintiff filed a forcible entry and detainer action against the defendants in the Municipal Court of Dayton, in which the defendants filed an answer and cross-petition. In the cross-petition the defendants prayed for cancellation of the land contract, for a declaratory judgment, alleging fraud in the execution of the land contract in which the plaintiff was the vendor and the defendants were the vendees, and for damages in excess of $2,000, which is the jurisdictional limit of the Municipal Court of Dayton. In compliance with the provisions of Section 1901.22, Revised Code, the Municipal Court certified the cross-petition to the Court of Common Pleas of Montgomery County, and retained jurisdiction of the forcible entry and detainer action.

In the forcible entry and detainer action, the issues were resolved in favor of the plaintiff. Judgment was rendered for plaintiff and restitution of the premises was ordered. From that judgment, defendants appealed to the Common Pleas Court. On motion of plaintiff the appeal was dismissed by the Common Pleas Court, upon a proper showing that a writ of restitution was executed, the defendants having failed to file a supersedeas bond. The court concluded that, since the premises had been vacated, the cause had become moot. From the order of the Common Pleas Court dismissing the appeal, the defendants appealed to this court. This appeal is case No. 2504 in this court. The defendants assign as error that the judgment of the Common Pleas Court is contrary to law.

When the Municipal Court rendered judgment for the plaintiff in the forcible entry and detainer action, the defendants were required to file a supersedeas bond, if they desired to stay further proceedings. No bond being given, the plaintiff and the court were permitted under the law to proceed to execute a writ of restitution. The premises being vacated, all relief prayed for in the action of forcible entry and detainer had been granted. The action then became moot.

The defendants contend that so long as the issues raised on the cross-petition had not been finally adjudicated, the appeal in the forcible detainer action could not be considered moot. We do not so agree. The failure to give a supersedeas bond and thus protect their occupancy of the premises, negates this proposition. The appeal was properly dismissed. We find no assignment of error well made respecting the appeal in case No. 2504.

After the cross-petition was certified to the Common Pleas Court, the plaintiff filed an answer, putting in issue the allegations in the cross-petition. The defendants claimed damages by reason of certain false representations alleged to have been made by plaintiff at the time they purchased on land contract the premises involved in the forcible detainer action. The plaintiff denied the charge of fraud and alleged that defendants failed to make the monthly payments pursuant to the provisions of the contract, and that, under the forfeiture clause, the plaintiff was entitled to and did declare the contract to be terminated and cancelled. The plaintiff prayed for an order cancelling the contract.

The matter was tried to the court without the intervention of a jury. The court resolved the issues in favor of the plaintiff, ordered the contract cancelled and dismissed defendants' cross-petition. From this judgment the defendants have filed an appeal, which is case No. 2495 in this court.

Defendants assign as error: (1) That the judgment is manifestly against the weight of the evidence; (2) that it is contrary to law; and (3) that the order overruling the motion for new trial is contrary to law. The notice of appeal states that the appeal is taken only from the order overruling the mo-

tion for new trial. The plaintiff contends that the court should disregard the first and second assignments of error. However, the motion for new trial raises almost every question that could be raised on a motion for new trial, among which are the same questions raised in the first and second assignments of error. We proceed to examine the record and determine all questions raised by all three assignments of error.

At the close of the evidence presented by the defendants, both parties rested, after which the court announced its decision, and later rendered separate findings of fact and conclusions of law. The court failed to find fraud as charged, and resolved the issues of fact in favor of the plaintiff. The court found that the defendants were in default on their monthly payments and that, under the provisions of the contract, the sum paid could be retained by the plaintiff as liquidated damages, and ordered the contract terminated and cancelled, citing as authority, *Norpac Realty Co.* v. *Schackne,* 107 Ohio St., 425, 140 N. E., 480, and *Dependabilt Homes, Inc.,* v. *White,* 66 Ohio Law Abs., 381, 117 N. E. (2d), 706. The second paragraph of the syllabus in the first cited case is as follows:

"Where the seller and purchaser under a land contract have agreed that upon failure of the latter to pay installments of the purchase price the contract should be forfeited and payments made retained by the seller as stipulated damages, and the purchaser is unable or unwilling to pay the remaining installments as agreed, the vendor is entitled, subject to the foregoing qualification, to bring an action quieting his title and rescinding the contract, without tendering back the payments made."

We find the judgment to be supported by sufficient evidence and not contrary to law. The motion for new trial was properly overruled. We find no assignment of error well made.

The judgments in both appeals are affirmed.

*Judgments affirmed.*

CRAWFORD and MILLER, JJ., concur.

MILLER, J., of the Tenth Appellate District, sitting by designation in the Second Appellate District.