RANKIN, APPELLEE, *v.* EVANS, APPELLANT.

(No. 81AP-294—Decided September 8, 1981.)

*Ms. Barbara Rankin, pro se.*
*Mr. James L. Mackin,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by defendant from the judgment and decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding defendant-appellant, Edward Evans, in contempt, following a hearing held in front of the trial court on February 11, 1981, and filed March 3, 1981.

The record indicates that on July 22, 1975, plaintiff-appellee, Barbara Rankin, filed a complaint alleging that defendant was the father of her illegitimate child born March 23, 1973. On July 29, 1975, defendant appeared in court and pled guilty to the paternity action, pursuant to which the court ordered defendant to pay the sum of $15 per week through the court for support and payable to the Franklin County Welfare Department. On August 18, 1980, the trial court ordered the cashier's office of the court to pay all monies previously made payable to the Franklin County Welfare Department to plaintiff. On January 2, 1981, plaintiff, by the bureau of support, filed an application representing to the court that defendant had disobeyed the former order of the court and failed to comply, and asked the court for an order requiring defendant to appear and show cause why he should not be punished for contempt of court. Also filed was an affidavit by plaintiff stating that defendant was in arrears of $3,298.04 as of December 26, 1980, part of which arrearage is owed to Franklin County Welfare Department and part to plaintiff. On January 2, 1981, a preliminary hearing was held, wherein the defendant entered a not guilty plea and a date was set for further hearing before the trial court. At said time the trial court, following a hearing, made the following findings:

"Mr. Mackin advised the Court at the last hearing, the plaintiff did admit receiving money directly from the defendant.

"Mr. Conner stated that $916 has been paid through the Clerk of Courts.

"The Court finds that the defendant has paid $1145 directly to the plaintiff in cash. $4305 was to be paid through the

Bureau of Support. The defendant is therefore $2243.04 in the arrearages. The Court will find the defendant guilty of Contempt.

"Edward Evans stated that he works for Local 683, Labor Union. He brings home approximately $300 per week.

"IN VIEW OF THE FOREGOING FACTS: [the] court finds: On February 11, 1981 the court finds Edward Evans guilty of contempt. Order the defendant, Edward Evans to purge himself of the contempt by paying the child support order of $15.00 per week, plus poundage and an extra $10.00 per week, plus poundage is to be paid on the arrearages totaling $2243.04. All child support money is to be forwarded to Barbara Rankin, 492 Kelton Avenue, Columbus, Ohio, and all arrearage money is to be forwarded to Franklin County Welfare Department. Court costs waived."

An entry from which this appeal is taken was subsequently filed on March 6, 1981.

The defendant files the following three assignments of error, which the court will consider together:

"I. The court below erred in entering judgment against defendant where plaintiff failed to appear either in person or through counsel and failed to call witnesses or put on other evidence.

"II. The court below erred in entering judgment against defendant where the proceedings were initiated by a non lawyer lacking standing or capacity to commence action such as those that transpired in the court below.

"III. The court below erred in entering judgment against the defendant where the real party in interest was not made a party."

Defendant complains that the initial application for a contempt hearing was not signed by an attorney but, rather, by a non-attorney probation officer employed by the bureau of support, although supported with an affidavit signed by the plaintiff. In addition, the order requiring defendant to appear and show cause why he should not be punished for contempt was approved only by a probation officer for the bureau of support and not signed by the plaintiff or her attorney. Defendant argues that the trial court is sanctioning the practice of law by non-lawyers who, as employees of the court, are acting as a collection agency for the Franklin County Welfare Department. Defendant further argues that this "shoddy procedure" denied defendant due process of law and that he was not provided an opportunity to have a record hearing on his defense. Defendant claims that, if the welfare department is going to try and obtain a judgment on its own behalf, it must be represented by an attorney and not by a non-lawyer probation officer.

We do not agree with defendant's arguments. R.C. 2301.37(A) provides:

"If the records maintained by the bureau of support under division (C) of section 2301.35 of the Revised Code indicate that an obligor is and, for a period of ten days, has been in default, the bureau shall notify the court of the default."

R.C. 2301.35(C) provides:

"The bureau of support shall maintain records listing the date a support order was entered, the amount of any payment made under it, the date on which payments are required to be made, the names and addresses of the parties affected by the order, and the current records of payments and disbursements."

Although Civ. R. 17 requires that actions be prosecuted by a real party in interest, Civ. R. 1(C)(7) provides that the Rules of Civil Procedure shall not apply to special statutory proceedings. R.C. 2301.36 provides in part:

"(A) Upon entering a support order, the court shall, upon * * * the court's own motion * * * require that support payments be made to the bureau of support as trustee for remittance to the person entitled to receive payments * * *.

"(B) Upon entering a support order

or at any time thereafter, the court may order the bureau of support to transmit the payments or make them payable to any third person * * * appointed by the court. Third persons include * * * the county department of public welfare * * *.

"(C) ·Any person named pursuant to division (B) of this section is entitled to receive the support payments. * * *"

Therefore, we find that Civ. R. 1(C)(7) provides an exception to Civ. R. 17 requiring actions be prosecuted by a real party in interest by virtue of R.C. 2301.37(A) requiring that the bureau of support shall notify the trial court of the default of an obligor who has been in default for a period of ten days. In this case the bureau of support was under obligation to notify the trial court of defendant's default and supply the trial court with records as provided under R.C. 2301.35(C). It is clear that the previous orders of the court were made pursuant to R.C. 2301.36. We find nothing in the record to support defendant's contention that he was denied due process of law by the court's refusal to allow him to have a record of the hearing. We find no basis for defendant's contention that the trial court was without authority to make a finding of contempt. R.C. 2301.40(C) provides:

"Nothing contained in sections 2301.37 and 2301.38 of the Revised Code shall be construed to prohibit the court from directing performance of a support order under Civil Rule 70."

Civ. R. 70 provides in part:

"If a judgment directs a party * * * to perform any other specific act, and the party fails to comply within the time specified, the court may, where necessary, direct the act to be done * * *. The court may also in proper cases adjudge the party in contempt. * * *"

Defendant herein was found to be in civil contempt of court and was permitted to purge himself by paying over a long period of time the support arrearage due the Franklin County Welfare Depart-

ment. There is nothing in the record supporting any contention that defendant had complied with the provisions of the support order. See *Smith* v. *Smith* (1980), 70 Ohio App. 2d 87 [24 O.O.3d 100].

We, therefore, find that all of defendant's assignments of error are not well taken and are, therefore, overruled and the judgment is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.