LANGHALS ET AL., APPELLANTS, *v.* HOLT ROOFING COMPANY, APPELLEE.

(No. L-87-250 — Decided
April 14, 1988.)

*Brian J. Hoch,* for appellants.
*James Brebberman,* for appellee.

*Per Curiam.* This cause is before the court upon appeal of a summary judgment rendered by the Toledo Municipal Court in favor of defendant-appellee, Holt Roofing Company. The pertinent facts are as follows.

Appellants, Gary R. and JoAnn Langhals, own a house located at 1728 Glendale Lane (hereinafter the "house") in Toledo, Ohio. Appellants purchased the house in September 1984 from Frederick W. and Virginia D. Jackson (hereinafter the "Jacksons"), parties-defendants in the action below but not parties to this appeal. The Jacksons owned the house in October 1977 when appellee repaired the roof on the house. The Jacksons received a receipt for the roof repairs. Written near the bottom of the subject receipt are the words "Material [and] Labor guaranteed 15 yrs"; *i.e.,* until 1992.

In 1985, appellants "experienced difficulties with the roof." Consequently, appellants requested that appellee repair the roof pursuant to the

"guaranteed" language stated on the Jacksons' receipt. Appellee refused, explaining in a letter that under appellee's company policy " 'No warranty of any kind is either expressed or implied when there is a transfer of ownership. The warranty is only applicable to the original purchaser.' " Appellants thereafter instituted the action below and named the Jacksons and appellee as parties-defendants.

Appellee moved for summary judgment and the trial court granted this motion. Appellants filed a timely notice of appeal from the summary judgment. Having done so, appellants raise the following assignment of error:

"Assignment of Error

"The trial court erred in granting appellee's motion for summary judgment."

For the following reasons, we find this assignment of error to be well-taken.

Appellee's memorandum in support of its motion for summary judgment contends that appellee is not obligated to appellants under either an express warranty or an implied warranty. Our review focuses on appellee's arguments concerning the alleged express warranty. Appellee asserts that "any [express] warranty given to the [Jacksons] is not transferable to [appellants]." Appellee first supports this by arguing that R.C. 1302.01 precludes appellants from pursuing a warranty claim against appellee. However, appellee later asserts in a memorandum that R.C. 1302.01 is inapplicable under the authority of *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 14 OBR 337, 470 N.E. 2d 950. Under appellee's contradictory assertions, no determination can be made whether R.C. 1302.01 has a preclusive effect upon appellants. We find it does not. R.C. 1302.01 *et seq.* codify Article Two of the Uniform

Commercial Code. Article Two is inapplicable in "mixed contracts"[1] when the service aspect predominates over the sales aspect. See, generally, Annotation, Applicability of UCC Article 2 to Mixed Contracts for Sale of Goods and Services (1981), 5 A.L.R. 4th 501. We find that the facts in the instant case establish that the service aspect predominates. Therefore, we conclude that UCC Article Two, as codified in R.C. 1302.01 *et seq.,* is not controlling in the case *sub judice.* Accordingly, appellee's argument that R.C. 1302.01 precludes appellants' right of recovery is without merit.

Appellee also asserts that no genuine issue exists as to any material fact in the case *sub judice.* Appellee and appellants apparently agree that the receipt language, "Material [and] Labor guaranteed 15 yrs," constituted an express warranty from appellee to the Jacksons. Regardless of its precise characterization, we find that the subject language gave the Jacksons a right of action against appellee. This right of action arose from the contract between appellee and the Jacksons for the roof repairs made on the house. Any right of action arising out of contract may be assigned.[2] 6A Corpus Juris Secundum (1975) 641, Assignments, Section 36. Furthermore, "any words or transactions which show an intention on one side to assign and an intention on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment." *Morris* v. *George Banning, Inc.* (App. 1947), 49 Ohio Law Abs. 530, 533, 77 N.E. 2d 372, 374.

Appellants' amended complaint alleges that the Jacksons "orally assigned" their right of action to appellants. The Jacksons' denial of this allegation raises a genuine issue of material fact. The only evidence put forward in appellee's memorandum to counter this putatively genuine issue of material fact is the assertion that "codefendants Jackson deny in their pleadings that they ever assigned or transferred in any manner, any contractual right afforded them from [appellee]." When a movant for summary judgment fails to produce evidence that establishes the absence of a genuine issue of material fact, then summary judgment must be denied. *Rodger* v. *McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App. 3d 256, 8 OBR 347, 456 N.E. 2d 1262. We find that appellee's bald assertion is not evidence sufficient to establish the absence of a genuine issue concerning the alleged assignment. Accordingly, we find that summary judgment was improvidently granted in the case *sub judice.*

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and the judgment of the Toledo Municipal Court is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Costs to appellee.

*Judgment reversed*
*and cause remanded.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.

---

[1] *I.e.,* contracts for both sales and services.

---

[2] One exception to this rule is when the contract expressly limits transfer. The only document in the record memorializing the contract between appellee and the Jacksons is the receipt given the Jacksons by appellee. We find no limiting language on this receipt.