[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Richard J. Woods, acting pro se, appeals from a judgment of the Kettering Municipal Court granting restitution of apartment premises to plaintiff-appellee, Alex-Bell Oxford Limited Partnership, and dismissing appellant's counterclaims. The trial court found appellant in default of his lease for non-payment of rent and issued a writ of restitution in favor of appellee. After reviewing appellant's claims of error, we conclude that all questions relating to the forcible entry and detainer action were rendered moot by appellant's removal from the apartment. We also find that the trial court did not err in dismissing appellant's counterclaims, because he failed to specify the damages that he was seeking. Accordingly, we affirm the judgment of the municipal court.
 I.
Appellee, Alex-Bell Oxford Limited Partnership (hereinafter, Alex-Bell), initiated the instant case by filing a complaint in forcible entry and detainer on April 24, 1996. Therein, appellee alleged that appellant, Richard J. Woods, had refused to pay rent for his apartment in the Steeplechase complex since April 1. The complaint requested damages of $614 for the past-due rent and late fees. Woods filed an answer and counterclaims on May 14, 1996.
On May 16, the Kettering Municipal Court held trial on Alex-Bell's claim for restitution, continuing the hearing of monetary claims until a later date. At trial, as in his answer, Woods contested Alex-Bell's ownership of the apartment complex. He argued that Alex-Bell had sold the building to a third party and, therefore, had no right to file the detainer and restitution action. At the conclusion of the hearing, the trial court found that Alex-Bell was the landlord and that Woods was in breach of his lease agreement. Consequently, the court issued entered a judgment of restitution.
A jury trial on the remaining issues was scheduled for July 31, 1996. On June 14, Alex-Bell moved to dismiss its monetary claims against Woods. The court then entered a judgment dismissing Alex-Bell's cause and, also, dismissing Woods's counterclaims for lack of jurisdiction. Woods timely appeals from the final judgment of the trial court
 II.
Woods raises five assignments of error on appeal. His first three assignments are as follows:
 THE TRIAL COURT OBSTRUCTED THE ADMINISTRATION OF JUSTICE WHEN ALEX-BELL OXFORD LIMITED PARTNERSHIP, WAS RECOGNIZED AS THE PLAINTIFF, REAL PARTY IN INTEREST AND OWNER OF STEEPLECHASE APARTMENTS, IN VIOLATION OF CIV.R. 17 (A) AND DEFENDANT'S MAY 14, 1996 ANSWER (1)
 THE TRIAL COURT OBSTRUCTED THE ADMINISTRATION OF JUSTICE ON MAY 14, 1996 WHEN IT DEPRIVED THE DEFENDANT OF HIS RIGHT TO SUBPOENA WITNESSES FOR THE MAY 16, 1996 EVICTION HEARING
 THE TRIAL COURT OBSTRUCTED THE ADMINISTRATION OF JUSTICE AT THE MAY 16, 1996 EVICTION HEARING WHEN THE DEFENDANT'S CONSTITUTIONAL DUE PROCESS/EQUAL PROTECTION RIGHTS AND CIVIL RIGHTS UNDER 5321, CIV. R. 9(e) AND CIV.R. 17(A) WERE VIOLATED BY THE COURT, DENYING THE DEFENDANT THE ABILITY TO PRESENT A DEFENSE CONCERNING THE OWNERSHIP OF STEEPLECHASE APARTMENTS.
 With these assignments of error, Woods contests the propriety of the trial court's actions during the May 16 hearing and the propriety of its judgment in forcible entry and detainer. Before we consider these assignments, however, we must address the threshold question, raised by Alex-Bell, of whether the relevant legal questions have now been rendered moot. Alex-Bell cites Woods's failure to comply with Section 1923.14 as mooting any assignment of error related to the partnership's action in forcible entry and detainer.
It has long been the rule that, once a plaintiff in forcible entry and detainer has taken control of the premises, all relief prayed for in the action has been granted with the right of present possession. Miami Inv. Corp. v. Baker (1959), 109 Ohio App. 334,336. Thereafter, all issues relating to the action are rendered moot. Id. A defendant appealing a judgment of forcible entry and detainer may overcome this rule and prevent his cause from becoming moot through the process outlined in R.C. 1923.14. That section provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal. Under the statute, the defendant must seek a stay of execution in the trial court and post whatever bond the trial court requires. If a defendant fails to avail himself of that remedy, all issues relating to the action are rendered moot by his eviction from the premises. See Crossings Dev. Ltd.Partnership v. H.O.T., Inc. (1994), 96 Ohio App.3d 475, 481.
Here, Woods did not seek the remedy provided under the statute. Instead, he vacated the premises, as he was ordered. Accordingly, we find that all issues relating to his eviction and the May 16 hearing are now moot. "It is not the duty or the responsibility of the court to answer moot questions." State v.Boysaw (1987), 40 Ohio App.3d 173, 174. Therefore, we must overrule appellant's first three assignments of error.
 II.
Nevertheless, even if these assignments of error were not moot, we would still have found that they lacked merit. First, we note that Woods prefaces each of his assignments with the claim that the trial court "obstructed the administration of justice." He then goes on to argue that criminal violations of R.C. 2923.31
(obstructing official business) and 2923.32 (obstructing justice) occurred. These kind of allegations have no place in an appeal of a civil judgment. Criminal charges are brought, not in the name of an individual, but by and on behalf of the State of Ohio and its political subdivisions. See Biomedical Innovations, Inc. v.McLaughlin (1995), 103 Ohio App.3d 122, 126. The accusations are, in any event, entirely insensible. Woods presents us with no facts to indicate that the trial judge, or anyone else, violated either criminal statute during the course of the hearing.
Woods also contends that Alex-Bell was not the real party in interest under Civ.R. 17(A), and, therefore, could not succeed in its action against him. He presented evidence at trial that Alex-Bell sold the apartment complex as of March 1, 1996. Thus, he contends, only the new owner could file the action against him. The Rules of Civil Procedure do not always apply to actions in forcible entry and detainer, however. Civ.R. 1(C) limits the scope of the civil rules. It provides that, to the extent that they are clearly inapplicable, the rules do not apply to special statutory proceedings, and specifically not to actions in forcible entry and detainer. Thus, to the extent that it is incompatible with the statutory provisions of Chapter 1923 that govern detainer actions, Civ.R. 17 will not apply.
R.C. 1923.01(C)(2) defines a landlord as:
 the owner, lessor, or sublessor of premises, his agent, or any person authorized by him to manage premises or to receive rent from a tenant under a rental agreement, except, if required by the facts of the action to which the term is applied, "landlord" means a park operator.
 This definition controls who may file an action under Chapter 1923. A real party in interest, on the other hand, is defined as "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly
benefitted or injured by the outcome of the case." Shealy v. Campbell (1985), 20 Ohio St.3d 23, 24. It is evident that the statutory definition of "landlord" is incompatible with application of Civ.R. 17(A). An agent of the land owner, under most circumstances, would not derive benefit or harm directly from the outcome of a case. Nevertheless, the statute permits an agent to file the action. Because the statutory procedures prevail, the civil rule does not apply. Oakbrook Realty Corp. v. Harris (April 30, 1991), Franklin App. No. 89AP-819, unreported at 2 (holding Civ.R. 17 is inapplicable to forcible entry and detainer); cf. Rankin v. Evans
(1981), 4 Ohio App.3d 30, 32 (holding that Civ.R. 17 is inapplicable to a special statutory action under R.C. 2301.37 because the statute permitted others to act).
Furthermore, application of Civ.R. 17 to actions under Chapter 1923 would hinder the accelerated resolution mandated by statute, by permitting the defendant to interpose irrelevant defenses. See R.C. 1923.08. In the case sub judice, once Woods was shown to be in non-payment of rent, his argument as to which party had the right to evict him amounted to nothing more than obfuscation. Indeed, appellant does not actually argue that the new owners would have opposed his eviction. He alleges, instead, that they were involved in a conspiracy against him with Alex-Bell. Alex-Bell needed only to be acting as agent of the new owners or as a person authorized to receive rent from a tenant. See Harris, supra. At trial, the partnership had employees of the apartment complex testify on its behalf. It also introduced as evidence its lease agreement with Woods giving it a contractual right to collect his monthly rent payments. Under these circumstances, the trial court did not err in finding that Alex-Bell was a landlord within the statutory definition. Thus, Woods's arguments in this connection have no merit.
Woods further argues that the court deprived him of the right to subpoena witnesses by scheduling an early hearing. This argument also lacks merit. The purpose of the forcible entry and detainer statute "is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate."Cuyahoga Metropolitan Housing Authority v. Jackson (1981),67 Ohio St.2d 129, 131. It is for this reason that R.C. 1923.08
provides that no continuance shall be granted for a period of longer than eight days unless the defendant gives a bond to the plaintiff. Woods did not give a bond and, therefore, was not entitled to a continuance for any reason, including the need to find witnesses for his defense.
Woods further objects to certain evidentiary decisions made by the court in sustaining objections by plaintiff's counsel. Reviewing the record, we see no error in this regard.
Woods's remaining objections relate to matters — assorted allegations of wrongdoing — that lie outside of the record on appeal. It is axiomatic that an appellate court will not consider matters outside of the appellate record. See State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of syllabus. Thus, even if appellant had complied with R.C. 1923.14 and prevented his assignments of error from being rendered moot, his arguments lack merit and we would not have sustained the assigned errors.
 III.
With his fourth assignment of error, Woods claims that:
 THE TRIAL COURT OBSTRUCTED THE ADMINISTRATION OF JUSTICE ON JUNE 10-14, 1996 WHEN THE SCHEDULED JUNE 11, 1996 JURY TRIAL WAS CANCELED AND THE CASE WAS DISMISSED, DESPITE THE COUNTER CLAIMS, CLASS ACTION ISSUES AND OBSTRUCTIONS OF JUSTICE, WHICH ARE SINGULARLY SUFFICIENT TO WITHSTAND THE MOTION TO DISMISS.
 Here, Woods objects to the dismissal of his counterclaims after Alex-Bell dismissed its pending claims against him.
Again, we note that Woods argues that the court obstructed justice. Such a claim of criminal violation is irrelevant to his civil appeal and merits overruling this assignment of error. Nonetheless, we will review the propriety of the trial court's determination as though Woods were asserting error rather than criminal acts.
The trial court found that it lacked jurisdiction to hear Woods's counterclaims. Woods asserted three counterclaims. In his first claim, Woods asked that Alex-Bell be denied his April and May rent and pay "additional damages" for violations of R.C.5321.02 and 5321.04. In the second, Woods demanded a court-ordered 20% reduction in rent for all Steeplechase tenants. Finally, in his third claim, Woods accused Alex-Bell's counsel of assorted ethical violations.
Woods's second counterclaim asking for future rent reductions for all Steeplechase apartment dwellers has been rendered moot by his eviction. Woods can no longer benefit from such a rent reduction, and no other Steeplechase residents were a party to this action. Thus, the trial court did not err in dismissing this claim.
The trial court's finding of a lack of jurisdiction over the other two claims, however, appears to be erroneous. R.C. 1923.061
grants a court in forcible entry and detainer actions jurisdiction to hear certain counterclaims, including those — like Wood's's first counterclaim — made under Chapter 5321. Furthermore,1923.061 does not limit the kinds of counterclaims that a court can hear. The Supreme Court has held that R.C. 1923.081, which was enacted in the same bill with R.C. 1923.061, permits the joinder of causes of action for possession, past rent due, damages, and any counterclaims raised by defendant, all in one trial. Jemo Associates, Inc. v. Garman (1982), 70 Ohio St.2d 267,270. Thus, unless Woods's counterclaims exceeded the jurisdiction of the court under R.C. 1901.17 and 1901.18, the trial court maintained jurisdiction over them. If the counterclaims exceeded the municipal court's jurisdiction (something that no one has argued and which does not appear to be true), the case should have been certified to the common pleas court pursuant to Civ.R. 13(J). See Behrle v. Beam (1983), 6 Ohio St.3d 41, 45.
Nevertheless, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93,96. There are alternative grounds for dismissing Woods's counterclaims. Consequently, we conclude that the trial court did not err by doing so.
Woods's third counterclaim failed to ask for any damages. The Rules of Civil Procedure require a prayer for damages as a prerequisite for relief. See Civ.R. 54(C). Failure to allege any damages is proper grounds for dismissing a claim. Diprima v. A.W.Tavern, Inc. (1994), 96 Ohio App.3d 470, 474-75 (dismissing a tenant's counterclaim against a landlord for failure to allege damages). Furthermore the accusations leveled by Woods, in connection with this claim, against Alex-Bell's trial counsel do not appear to state any cause of action against Alex-Bell and would bear dismissal under Civ.R. 12(B)(6).
In his first claim, Woods sought to retain his rent payments for April and May. Woods has never paid the rent on his apartment for those months. Therefore, when Alex-Bell dismissed its claims against Woods for unpaid rent, this question was rendered moot. The "additional damages" asked for by Woods were left unspecified. As already explained, failure to specify damages is a proper basis for dismissal. Therefore, we find that the court did not err in dismissing Woods's first counterclaim.
Because we find no error in the trial court's dismissal of appellant's counterclaims, we overrule his fourth assignment of error.
 IV.
In his fifth assignment of error, Woods asserts that:
 THE TRIAL COURT OBSTRUCTED THE ADMINISTRATION OF JUSTICE WITH ITS PARTICIPATION IN A CONSPIRACY TO OBSTRUCT JUSTICE WITH COURT EMPLOYEES, PLAINTIFF'S ATTORNEY AND PLAINTIFF'S FRAUDULENT WITNESSES IN A MALICIOUS PROSECUTION OF THE DEFENDANT.
 In connection with this assignment of error, appellant makes a number of allegations of criminal wrongdoing against nearly every person involved in this case, including the trial judge, plaintiff's counsel, witnesses, the court clerk, and the court reporter. As already noted, these kinds of allegations have no place in the appeal of a civil matter. Any evidence of such wrongdoing — and we are unaware of any — would necessarily lie outside of the record on appeal. See, e.g., State v. Callihan (1992), 80 Ohio App.3d 184, 197
(finding that state's witnesses' confessions of perjury were outside of the appellate record and could not be considered). The fifth assignment of error is overruled.
Having overruled appellant's five assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
YOUNG P.J., and GRADY, J., concur.
Copies mailed to:
Laurence A. Lasky
Richard J. Woods
Hon. Robert Moore