This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Gary W. Farley and his wife, Dorothy M. Farley (hereinafter jointly referred to as "the Farleys"), appeal the entry of summary judgment against them in the Lorain County Court of Common Pleas. We affirm.
 I.
In 1992, the Farleys wished to construct a new home in Amherst, Ohio. To that end, they contacted Gary Nichols Builders ("GNB"), appellee, upon the recommendation of a Reality One sales agent. The Farleys were given an advertising flyer that stated that one of the standard features of GNB homes was a ten-year warranty covering the builder's workmanship. The Farleys resolved to contract with GNB to construct their home. They chose sublot thirty-four on Forde Avenue in Amherst, Ohio as the site on which their new home was to be constructed.
On May 6, 1992, the Farleys signed a contract which contained an "as is" clause and a merger clause. The contract was represented by GNB to be in regard only to the lot itself as there was no house or other structure present at the time the contract was executed. Thereafter, the Farleys executed documents containing the specifications for their new home. Following substantial completion of their home in September 1992, the Farleys executed a certificate of completion of the construction of the home.
After taking possession and moving into their new home, the Farleys discovered that the house was quickly deteriorating. The foundation was splitting, the kitchen floor would flex upward at certain times of year, the fireplace was separating from the wall which supported it, and the house flooded. The Farleys reported these problems to GNB. Gary Nichols, appellee and owner of GNB, explained that the cracking was normal and would cease in two years. The Farleys further state that Mr. Nichols told them that the house was constructed on a fault line, which accounted for the cracking. Mr. Nichols denies making such a statement. The Farleys continued to complain to Mr. Nichols, as the cracks grew worse. Mr. Nichols then stated that the cracking was due to the street pushing the their driveway, consisting of a monolithic concrete slab, into their house. He further represented that the fault was with the city.
After contacting the City of Amherst Building inspector in August of 1996, the Farleys hired Milton R. Pommeranz, P.E., to inspect the damaged areas and determine the cause of the damage. He found the damage to be caused by the lack of an expansion joint around the driveway and the inadequate depth of the expansion joints that were present. Upon being confronted with Mr. Pommerantz's report, Mr. Nichols again denied responsibility. The Farleys then hired Amir Farzaneh, P.E., to inspect the damage and determine the cause. Mr. Farzaneh submitted his report on March 12, 1997, reaching essentially the same conclusion as had Mr. Pommeranz. The Farleys again contacted Mr. Nichols who refused to take any action.
On May 5, 1997, the Farleys filed an eleven-count complaint against GNB, Gary Nichols, and his wife Regina L. Nichols, appellee, as owners of GNB. GNB and Mr. and Mrs. Nichols filed a third-party complaint against Godfrey Development Corporation, Falbo Construction Company, KP Concrete, Atlas Concrete Walls, Modern Waterproofing, and Ohio State Home Services Incorporated. Several of these third-party defendants were, upon motion, granted summary judgment in their favor. GNB and Mr. and Mrs. Nichols filed a motion for summary against the Farleys on May 28, 1999. The Farleys responded in opposition on July 2, 1999. Mr. and Mrs. Nichols and GNB responded to the Farleys' brief in opposition on July 19, 1999. The trial court entered summary judgment in favor of Mr. and Mrs. Nichols and GNB and dismissed their complaints against the third-party defendants as moot on November 17, 1999. This appeal followed.
 II.
Appellants assert five assignments of error. We will address each in due course, consolidating their last three assignments of error to facilitate review.
 Standard of Review
This case comes before us upon the entry of summary judgment by the trial court. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. We will review each of the errors assigned with reference to these principles, except where another standard is expressly utilized.
 A. First Assignment of Error The Trial Court erred, and abused its discretion, in holding that the Appellants were barred, based upon the Statute of Frauds, from bringing and maintaining their action for breach of contract against Appellees, based on the ten (10) year workmanship warranty provided to them by Appellees.
The Farleys aver that the trial court erred in finding the Statute of Frauds applicable to their cause of action because the contract could be completed in less than one year and did not involve a title to real estate. Further, they aver that the trial court erred in allowing the defendants to assert the Statute of Frauds as a defense because the defendants had failed to plead it as a defense in their answer, having admitted the existence of an oral agreement to a ten-year warranty in their answer. Moreover, they assert that the trial court abused its discretion by allowing Mr. and Mrs. Nichols and GNB (hereinafter jointly referred to as "defendants") to amend their answer after moving for summary judgment, thereby causing unfair prejudice to the Farleys. We disagree.
Ohio's codification of the Statute of Frauds mandates that
 [n]o action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
R.C. 1335.05.
 This statute serves to ensure that transactions involving a transfer of realty interests are commemorated with sufficient solemnity. A signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs. It supports the public policy favoring clarity in determining real estate interests and discourages indefinite or fraudulent claims about such interests.
North Coast Cookies, Inc. v. Sweet Temptations, Inc. (1984),16 Ohio App.3d 342, 348.
When a contract is alleged to be covered by the Statute of Frauds because it exceeds one year in duration, "[a] promise unlikely to be performed within a year which is, in fact, not performed within a year, is still not within the Statute of Frauds if at the time of making there is a possibility that it can be entirely performed as the parties intended within a year." Weiper v. W.A. Hill Assoc. (1995), 104 Ohio App.3d 250,264. Generally, courts construe this principle liberally in favor of finding an enforceable contract. Id.
Upon review of the record and construing the facts in a light most favorable to the nonmoving party, we find that the alleged oral contract was for the construction of a home and warranty attendant thereto. The transfer of the real property itself was accomplished by the written agreement containing the "as is" clause. Accordingly, we cannot conclude that, when the facts are construed in a light most favorable to the nonmoving party, that the contract fell within the Statute of Frauds as a "sale of lands" or "interest in or concerning" land.
The Farleys further assert that the trial court erred in determining that the contract could not be performed in one year, and accordingly, fell within the Statute of Frauds because the warranty was not transferable upon sale of the property. Hence, they assert that, had they sold the property in less than a year, the contract would have been fully performed and at an end. However, absent an express contractual limitation on the right to transfer, "[a]ny right of action arising out of contract may be assigned." Langhals v. Holt Roofing Co. (1988),47 Ohio App.3d 114, 116. Accordingly, we cannot conclude that the trial court erred in determining that the contract could not be performed in less than a year.
As we conclude that the Statute of Frauds was applicable to the transaction in question, we proceed to determine if the defendants properly raised it in their answer to the Farleys' complaint. The Statute of Frauds constitutes an affirmative defense. Civ.R. 8(C). "An affirmative defense may be raised only by (1) expressly using that defense as part of a prepleading Civ.R. 12(B) motion to dismiss, (2) expressly setting forth that defense in a responsive pleading pursuant to Civ.R. 8(C), or (3) by amending one's responsive pleading pursuant to Civ.R. 15 so as to include that defense." Spence v. Liberty Twp.Trustees (1996), 109 Ohio App.3d 357, 366. If one fails to utilize one of the three above enumerated methods, the affirmative defense is waived. Id. The record demonstrates that neither of the first two methods was utilized by the defendants in this action. However, the defendants did, after filing their motion for summary judgment and receiving the Farleys' brief in opposition, file a motion to amend their answer instanter. The trial court granted their motion. This decision was addressed to the sound discretion of the trial court. Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. Upon review of the record herein, we cannot conclude that the trial court abused its discretion in allowing the defendants to amend their answer to the Farleys' complaint as "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." Peterson, 34 Ohio St.2d at 175. Accordingly, we find that the Statute of Frauds defense was properly before the trial court. The Farleys' first assignment of error is overruled.
 B. Second Assignment of Error The Trial Court erred, in holding that the Appellants were barred, based upon the Parole Evidence Rule, R.C. 1302.05, from bringing and maintaining an action for breach of contract against Appellees, on the ten (10) year workmanship warranty provided to them by Appellees.
The Farleys assert that the trial court erred in applying the Parole Evidence Rule as the inclusion of the "as is" term in the written contract was the result of a mutual mistake. Further, they aver that this shows that the writing was not intended to be a final and complete expression of the contract, and hence, the written contract was not fully integrated and the Parole Evidence Rule has no application. We find this assignment of error to be rendered moot by our determination that the trial court did not err in applying the Statute of Frauds to this action.
The Statute of Frauds prohibits the enforcement of an agreement not evidenced by a writing that "is not to be performed within one year from the making thereof[.]" R.C. 1335.05. Therefore, the oral agreement for a ten-year warranty, absent a writing evidencing the agreement that is signed by the party against whom enforcement is sought, is unenforceable. Accordingly, we conclude that our resolution of this assignment of error will not change the result that the oral agreement is unenforceable under the Statute of Frauds even if the trial court erred in ruling that extrinsic evidence concerning the written contract was barred by the Parole Evidence Rule. Therefore, this assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).
 C. Third Assignment of Error The Trial Court erred, in holding that there was no verbal contract between Appellants and Appellees for construction of a new residence by Appellees for Appellants.
 Fourth Assignment of Error The Trial Court erred, in dismissing Appellants' stated claims under the Ohio Consumer Sales Practices Act, where Appellees provided Appellants with a ten (10) year workmanship warranty, then failed to make repairs and comply with the warranty.
Fifth Assignment of Error
 The Trial Court erred, in holding that Appellants' stated claims against Appellees, for violations of the Ohio Consumer Sales Practices Act, were barred by the statute of limitations.
The Farleys assert that the trial court erred by finding that there was no verbal contract between the Farleys and the defendants and that the defendants made unfair and deceptive representations that a warranty existed. They assert these claims pursuant to Ohio's Consumer Sales Practices Act, specifically in regard to R.C. 1345.02. They also assert that the trial court erred in finding that these claims were barred by the applicable statute of limitations. We disagree and find that the Farleys' claims under the Act were barred by the applicable statute of limitations. Accordingly, we conclude that the Farleys' remaining assignments of error regarding their claims pursuant to the Consumer Sales Practices Act are moot, as they may not assert a claim under the act.
The statute of limitations applicable to the Farleys' claims under the Consumer Sales Practices Act is set forth in R.C. 1345.10 and reads, in pertinent part:
 (C) An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later. However, an action under sections 1345.01 to 1345.13
of the Revised Code arising out of the same consumer transaction can be used as a counterclaim whenever a supplier sues a consumer on an obligation arising from the consumer transaction.
The Farleys allege that Mr. Nichols made representations to them in 1992 concerning the existence of a ten-year warranty on the house which his company was to construct for them and gave them a brochure stating that a ten-year warranty was one of the benefits of construction by GNB. In September 1993, the Farleys noticed cracking in their foundation and, upon informing Mr. Nichols of this, were informed that he did not guarantee the concrete work. Assuming that the occurrence for the purpose of 1345.10(C) was the misrepresentation of the existence of the warranty, the statute of limitations began running in 1992. Further, assuming arguendo that the occurrence was a series of unfair or deceptive practices leading up to the Farleys' discovery of the cracks, the statute of limitations began to run in 1993. This action was commenced on May 13, 1997. Therefore, we cannot conclude that the trial court erred in finding that the action was commenced long after the two-year statute of limitations had expired. Accordingly, the trial court properly granted summary judgment on the Farleys' claims under the Consumer Sales Practices Act.
As the Farleys' claims under the Consumer Sales Practices Act were barred by the statute of limitations, the error which the Farleys' assign to the trial court's determinations regarding their claims under the Act is moot. The Farleys could state no claim under the Act regardless of the trial court's decisions as to whether an oral contract existed or whether the defendants represented the existence of a ten-year warranty. Accordingly, the Farleys' fifth assignment of error is overruled and the Farleys' third and fourth assignments of error are rendered moot by our resolution of their fifth assignment of error. See App.R. 12(A)(1)(c).
 III.
Appellant's first and fifth assignments of error are overruled and appellant's remaining assignments of error are rendered moot by our resolution of the first and fifth assignments of error. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, J., WHITMORE, J., CONCUR.