OPINION
On August 18, 2000, Kenneth D. Bowman filed a forcible entry and detainer action against Beverly Blosser in the Franklin County Municipal Court. Mr. Bowman averred that he was the owner of certain real property which he rented to Ms. Blosser under a written lease agreement. Mr. Bowman averred that Ms. Blosser had violated the terms of such tenancy by failing to pay rent. Attached to the complaint was a copy of the lease agreement and the three-day notice required under R.C. 1923.04. Mr. Bowman requested restitution of the premises and $12,000 for rent and/or late fees.
On September 8, 2000, a hearing was held before a magistrate on the cause of action for restitution of the premises. The only testimony was from Ms. Blosser. On this same date, a magistrate's decision was filed. The magistrate found that the notice to vacate the premises complied with R.C. 1923.04 and that Mr. Bowman had proven nonpayment of rent by a preponderance of the evidence. A judgment entry was filed granting judgment in favor of Mr. Bowman for restitution of the premises and court costs. A request for set out was filed on September 8, 2000, and a "Writ of Restitution" was issued on September 11, 2000. On September 26, 2000, the "Writ of Restitution" was returned, showing the writ had expired.
Ms. Blosser (hereinafter "appellant") has appealed to this court, assigning a single error for our consideration:
 The trial court erred by refusing to accept evidence of a new course of conduct established by the parties which supplanted the original terms of the lease agreement with regard to the time of rental payments.
For the reasons that follow, we do not reach the merits of appellant's appeal. After the notice of appeal was filed, appellant filed an answer and counterclaim (the civil case for damages was still pending). Such answer and counterclaim indicated that appellant was no longer living at the subject premises. Hence, Mr. Bowman, the landlord, had obtained restitution of the premises. Once the premises has been vacated, all relief prayed for in a forcible entry and detainer action has been granted. Miami Investment Corp. v. Baker (1959), 109 Ohio App. 334, 336. As such, all issues relating to such forcible entry and detainer action become moot, as the landlord is in possession of the premises. Id. See, also, Reck v. Whalen (1996), 114 Ohio App.3d 16; Crossings Dev. Ltd. Partnership v. H.O.T., Inc. (1994), 96 Ohio App.3d 475.
A forcible entry and detainer action decides the right to immediate possession of the property and nothing else. See Seventh Urban, Inc. v. University Circle (1981), 67 Ohio St.2d 19, 25, note 11. A judgment entry giving or denying a present right to possession of property under R.C. Chapter 1923 is a final, appealable order, even where all the causes of action have not been adjudicated. See Housing Authority v. Jackson (1981), 67 Ohio St.2d 129, 132; Witkowski v. Arditi (1997),123 Ohio App.3d 26, 30; Oakwood Mgmt. Co. v. Richards (Dec. 9, 1999), Franklin App. No. 99AP-627, unreported, citing Skillman v. Browne (1990), 68 Ohio App.3d 615, 619. However, while such a judgment is immediately appealable, appellant herein did not obtain a stay of execution and/or post a supersedeas bond as required under R.C. 1923.14. Rather, appellant apparently voluntarily vacated the premises in September 2000. Because Mr. Bowman is in possession of the premises, the issues appealed by appellant, which relate to the forcible entry and detainer action, are moot.
Accordingly, appellant's assignment of error is overruled as being moot.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is affirmed.
 _______________ TYACK, J.
KENNEDY, J., BRYANT, P.J., concur.